## OHIO AND MISSISSIPPI RAILWAY COMPANY
### v.
## RUFUS COPE.

36    97
94   ²466

*Railroads—Expulsion from Train—Defective Ticket—Bill of Exceptions.*

1. A railroad company can not refuse to accept a defective ticket for passage, where the defect is due to the carelessness of its agents.
2. The bill of exceptions must show that it contains all the evidence heard on the trial.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Clay County; the Hon. C. S. CONGER, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Mr. RUFUS COPE, *pro se.*

REEVES, P. J.   Upon examination of the record we find that the bill of exceptions copied into the record does not show that it contains all the evidence that was heard by the court.   In this condition of the record we are precluded from examining all of the questions raised by the assignment of errors.

Objection was interposed to the appellee's testimony in relation to his purchase of his ticket and the way it was made up. The ticket-seller was the agent of appellant in the sale of the ticket, and we fail to see any valid objection to the competency of this testimony. It is claimed that the condition of the ticket when presented to the conductor, for appellee's transportation from St. Louis to Flora, was such that it did not entitle him to ride upon it. It was a coupon ticket from Butler City, Montana, to Flora, Illinois, over, as nearly as we can tell from the evidence, the Union Pacific Railway from Butler City to Kansas City, over the Wabash from Kansas City to St. Louis, and over the O. & M. Ry. from St. Louis to Flora. It was shown that some of the coupons were pasted on, and it is claimed that in tearing off the coupon from Kansas City to St. Louis, the lower margin of the coupon from St. Louis to Flora, on which was printed the check number by which to check against the road which sold the ticket, was torn off, and because this was gone, it is claimed the ticket did not entitle appellee to ride upon it. The original ticket is not before us, but what purports to be an exact copy is contained in the record.

The head of the ticket reads, " Union Pacific Railway. Good for one passage of class indicated to point on Ohio and Mississippi Ry. between punch marks." The coupon reads, " Issued by Union Pacific Ry. Ohio and Mississippi Railway. St. Louis to point between punch marks, via O. & M. Below is printed the names of stations on appellant's road, of which Flora is one. The copy does not show punch marks on either side of the word Flora, but it is conceded the original ticket did. It was not the fault of appellee that the check number was torn off. The check number was put on the lower margin of the ticket for the convenience of the appellant. It formed no part of the contract of carriage from St. Louis to Flora. The manner in which the ticket was made up by pasting the coupons on the general ticket was explained to the conductor and if the marginal number had been torn off it was either the fault of appellant's agent in making up the ticket, or of the Wabash conductor in removing the coupon next below this one.

This is not a case of the sale of an incorrect ticket over one road where the purchaser supposed he was getting a ticket over another, for this ticket was a correct ticket; it contained all that was necessary to entitle appellee to ride on appellant's train from St. Louis to Flora, and if in making up the ticket the General Passenger Agent's Association chose to place this check number upon a part of the ticket where it was liable to be torn off by conductors in detaching the coupons, instead of placing such check number upon a part of the ticket where it could not be removed without destroying the contract expressed in the ticket, the railway company should not be heard to say that the removal of the check number destroyed the validity of the ticket. Moreover, in the copy of the ticket found in the record, the check number is printed on the general ticket, so that the only reason given why this ticket should be held invalid, namely, that the check number was gone, so appellant could not tell to what road to charge up the ticket, fails. Again, the general ticket, and the coupon as well, shows that they were issued by the Union Pacific Railway Company. These views dispose of the criticism upon the instructions. The claim that the damages were excessive we can not consider in the condition we find the bill of exceptions.

· The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*